# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| STEVEN R. SCHOFF, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 2:16-cv-609-NT |
| | ) | |
| JOSEPH FITZPATRICK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT AND AFFIRMING IN PART RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

On January 19, 2017, the United States Magistrate Judge filed with the court, with copy to the Plaintiff, his Recommended Decision after a preliminary review of the Plaintiff's Complaint (ECF No. 7). The Plaintiff filed an objection to the Recommended Decision on February 2, 2017 (ECF No. 8) and a Motion for Leave to Amend Complaint (ECF No. 9).[1] I have reviewed and considered the Recommended Decision, together with the entire record, and I have made a *de novo* determination of all matters adjudicated by the Recommended Decision. I concur in part with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decision.

---

[1] The Plaintiff also filed a Motion in Limine asking me to "enter and review" the two letters he sent to Cumberland County District Attorney Stephanie Anderson. Mot. in Limine 1 (ECF No. 10). Although copies of the letters to District Attorney Anderson were not included with the motion, I assume the truth of these well-plead facts and give the Plaintiff the benefit of all reasonable inferences. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). I will, therefore, terminate the motion in limine.

## DISCUSSION

### I. Amended Complaint's Right of Access to the Courts Claim

I will allow the Plaintiff to amend his complaint. The substance of the Plaintiff's amendment is that to date he has not been permitted to convey information to the Cumberland County District Attorney Stephanie Anderson regarding Marc Miville's role in his assault and attempted murder by another inmate.[2] The Plaintiff alleges that although he has sent the District Attorney two letters that were marked "Legal Mail," those letters have never made it out of the Maine State Prison and to their intended recipient—Stephanie Anderson. He further alleges that prison investigator David Verrier, corrections officer Penny Bailey, and deputy warden Glean Brown directed unidentified corrections officers that the Plaintiff's letters to Stephanie Anderson be "seized, opened, read and uploaded to [the prison's computer system]" and that this be done outside of the Plaintiff's presence. Mot. for Leave to Amend Compl. 1-2.

Courts have held that correspondence with prosecutors can implicate the First Amendment right of prisoners to access the courts or to otherwise petition the government for redress of grievances, and courts have reasonably expressed concern that opening and reviewing the content of such mail could "chill" access to justice. *See Am. Civil Liberties Union Fund of Michigan v. Livingston Cty.*, 796 F.3d 636, 644-45 (6th Cir. 2015) ("[I]n determining whether correspondence is legal mail, the issue does

---

[2] The Plaintiff also seeks to correct a scrivener's error in the date in paragraph 19 of his original complaint—the date should be "2-8-16" rather than "2-18-16." I accept the date change. The correction of the date does not impact any of the Magistrate Judge's recommendations.

not turn on whether there is an existing attorney-client relationship regarding an ongoing legal matter; rather, the key issue is whether the attorney and inmate have a fundamental interest in maintaining the confidentiality of communications relating to a legal matter."); *Ramos v. Lamm*, 639 F.2d 559, 582 (10th Cir. 1980); *Guajardo v. Estelle*, 580 F.2d 748, 758 (5th Cir. 1978). With this amendment, the Plaintiff has alleged a harm to his right of access to the courts against David Verrier, Penny Bailey, Glean Brown, and the unidentified corrections officers.

## II.  Fourth Amendment Unlawful Seizure Claim

The Plaintiff objects to the dismissal of his Fourth Amendment claim based on the seizure of his mail in violation of the prison policy regarding opening prisoner's legal mail. Objections to Magistrate's Recommended Decision 3. At this early stage, it is possible that the Plaintiff's allegations of unlawful seizure of his legal mail may be actionable.

## III.  Section 1985(2) Conspiracy Claims

In his objection to the Recommended Decision, the Plaintiff contends that he "pled and factually supported the nexus of participants in a conspiracy that ultimately resulted in constitutional deprivations" in violation of 42 U.S.C. § 1985(2). Objections to Magistrate's Recommended Decision 4 (ECF No. 8). Section 1985(2), which creates a right of action for damages resulting from conspiracies to obstruct justice or intimidate witnesses, has two components: the first prohibits conspiracies to interfere with litigation in federal court, while the second prohibits conspiracies to

3

obstruct the course of justice in state courts.[3] The Court of Appeals for the First Circuit has read that portion of § 1985(2)'s language following the semicolon as paralleling § 1985(3). *Hahn v. Sargent*, 523 F.2d 461, 469 (1st Cir. 1975) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). Because the language of the second part of § 1985(2), like § 1985(3), is directed toward "the equal protection of the laws," a plaintiff must allege a "class-based, invidiously discriminatory animus" to state a plausible § 1985(2) claim. *Id.* While a plaintiff must allege class-based animus to state a claim for denial of access to state courts, *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971), no such requirement exists for an action asserting denial of access to federal courts, *Kush v. Rutledge*, 460 U.S. 719, 726 (1983).

The Plaintiff has not alleged facts to support a conspiracy under either section of the statute. The first part of § 1985(2), preceding the semicolon, addresses conspiracies to interfere with parties, jurors, or witnesses in federal court proceedings. In this case, the Plaintiff alleges that corrections officers interfered with his efforts to provide information to the Cumberland County District Attorney

---

[3] Section 1985(2) provides a private right of action where:

> two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

4

regarding a individual involved in his assault and attempted murder. The Plaintiff indicates that the prosecution for his assault and attempted murder is pending in the Maine Superior Court and is scheduled for trial in April 2017. The Plaintiff has not alleged an injury stemming from a conspiracy to interfere with any federal court proceedings. *Knowlton v. Shaw*, 704 F.3d 1, 11 n.15 (1st Cir. 2013). The Plaintiff's amended complaint does not state a claim under the second part of § 1985(2) because he has not alleged any "class-based, invidiously discriminatory animus."

## IV. Section 1986 Claim

The Plaintiff concedes that he did not specifically plead § 1986 liability claims. Nevertheless, he asks me to construe his complaint liberally. Objections to Magistrate's Recommended Decision 6. Section 1986 extends liability to individuals who knowingly fail to prevent conspiracies under § 1985. 42 U.S.C. § 1986. Inasmuch as § 1985 is not implicated by the facts pled in this case, no claim can be stated against the Defendants under § 1986. *See Maymi v. Puerto Rico Ports Authority*, 515 F.3d 20, 31 (1st Cir. 2008).

## CONCLUSION

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **AFFIRMED IN PART** over objection. The Plaintiff's motion for leave to amend his complaint is **GRANTED**. The complaint is deemed to incorporate the allegations listed in Plaintiff's Motion for Leave to Amend Complaint. The Plaintiff's motion in limine is **TERMINATED**.

5

After a review pursuant to 28 U.S.C. § 1915(e)(2), all claims are dismissed except for the Plaintiff's: (1) legal mail claim against Defendant Landry; (2) Fourth Amendment claim for wrongful seizure of his legal mail against the John Doe and/or Jane Doe corrections officers; (2) retaliation claim against Defendants Luke Monahan and Harvey Bailey; and (3) right of access to the courts claim in the amended complaint against David Verrier, Penny Bailey, Glean Brown, and the John Doe and/or Jane Doe corrections officers.

SO ORDERED.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 27th day of April, 2017.