UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| STEVEN R. SCHOFF, JR. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:16-cv-00609-NT |
| | ) | |
| JOSEPH FITZPATRICK, et als., | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

**ANSWER TO COMPLAINT AND AMENDED COMPLAINT**

Defendants Scott Landry, Glean Brown, Luke Monahan, Penny Bailey, Glean Brown, Harvey Bailey and David Verrier answer the Complaint as follows:

1. Paragraph 1 of the Complaint states a legal conclusion, and nor response is required.

2. Paragraph 2 of the Complaint states a legal conclusion, and no response is required.

3. Defendants admit the allegations in Paragraph 3 of the Complaint.

4.-5. The individuals named are no longer parties to this action, and no response is required.

6. Defendants admit that Scott Landry is the Warden of the Maine Correctional Center (MCC). The remainder of this paragraph states legal conclusions, and no response is required.

7. Defendants admit that Luke Monahan is a Unit Manager at MCC. The remainder of this paragraph states legal conclusions, and no response is required.

8. Defendants admit that Penny Bailey is a Unit Manager at MCC. The remainder of this paragraph states legal conclusions, and no response is required.

9. Defendants admit that Glean Brown is a Deputy Warden at MCC. The remainder of this paragraph states legal conclusions, and no response is required.

10. Defendants admit that Harvey Bailey was a Captain at MCC. The remainder of this paragraph states legal conclusions, and no response is required.

11.-12. The individuals named are no longer parties to this action, and no response is required.

13. Defendants admit that David Verrier is the criminal investigator at MCC. The remainder of this paragraph states legal conclusions, and no response is required.

14. As these individuals ar unidentified, defendants are unable to repond to the allegations in this paragraph.

15. Defendants admit that plaintiff was assaulted by another prisoner on the date alleged. Defendants neither admit nor deny the remaining allegations in Paragraph 15 of the Complaint for lack of sufficient knowledge and information.

16. Defendants neither admit nor deny the allegations in Paragraph 16 for lack of sufficient knowledge and information.

17. Defendants admit that plaintiff complained frequently to defendant Penny Barley about a number of issues, including his assailant.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants admit that defendant Verrier attempted to question the plaintiff about the assault and that plaintiff refused to cooperate with the defendant. Defendants neither admit nor deny the remaining allegation in this paragraph.

20. Defendants deny the allegations n Paragraph 20.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants admit that defendant Verrier requested that plaintiff write a statement regarding the assault. Defendants deny the remaining allegations in Paragraph 22.

23. Defendants admit that plaintiff mailed a letter to Stephanie Anderson on the date alleged.

24. Defendants deny the allegations in Paragraph 24.

25. Defendants admit the allegations in Paragraph 25.

26. Defendants admit the allegation in Paragraph 26.

27. Defendants admit the allegation in Paragraph 27.

28. Defendants admit that the letter was opened and read outside of plaintiff's presence. Defendants deny the remaining allegation in Paragraph 28.

29. Defendants admit the allegations in Paragraph 29.

30. Defendants admit that defendant Monahan wrote a disciplinary incident report as quoted that was signed in by defendant Harvey Bailey.

31.-36. The individual to whom these allegations are directed is no longer a party to this action, and no response is required.

37. Defendants admit that the other prisoners mentioned in the letter were not charged with a disciplinary violation. Defendants deny the remaining allegation in Paragraph 37.

38. Defendants admit that plaintiff appealed the disciplinary finding.

39. Defendants admit that defendant Landry affirmed the disciplinary finding without comment. Defendants deny the remaining allegation in Paragraph 39.

40. Defendants admit the allegations in Paragraph 40.

41. Defendants neither admit nor deny what plaintiff did or did not authorize D.A. Anderson to do for lack of sufficient information and knowledge. The remainder of Paragraph 41 states legal conclusions, and no response is required.

42. – 51. The individuals to whom these allegations are directed are no longer parties to this action, and no response is required.

52. Defendants neither admit nor deny the allegations in Paragraph 52 for lack of sufficient knowledge and information.

53. The individual to whom these allegations are directed is no longer a party to this action, and no response is required.

54. Defendants neither admit nor deny the allegations in Paragraph 54 for lack of sufficient knowledge and information.

55. Defendants admit that Deputy District Attorney Ackerman met with plaintiff on two occasions regarding the prosecution of his assailant. Defendants neither admit nor deny the remaining allegations in this paragraph for lack of sufficient knowledge and information.

56. Defendants neither admit nor deny the allegations in this paragraph for lack of sufficient knowledge and information.

57. Defendants neither admit nor deny the allegations in this Paragraph for lack of sufficient knowledge and information.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59.

60. Defendants admit that plaintiff wrote to the undersigned and to Jody Breton as alleged. Defendants neither admit nor deny the remaining allegations in this paragraph for lack of sufficient knowledge and information.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 66.

63. Defendants deny the allegations in Paragraph 63.

64. Defendants deny the allegations in Paragraph 64.

65. Defendants deny the allegations in Paragraph 65.

66. Defendants deny the allegations in Paragraph 66.

67. Defendants deny the allegations in Paragraph 67.

Defendants respond to the additional allegations in the Amended Complaint as follows:

1. Defendants deny the allegations in Paragraph 1.

2. Defendants admit that defendant Verrier is a law enforcement officer.

3. Defendants deny the allegations in Paragraph 3.

4. Defendants admit that plaintiff conveyed information about Marc Miville to D.A. Anderson.  The remaining statements in Paragraph 4 are legal conclusions, and no response is required.

5. Defendants neither admit nor deny the allegations in Paragraph 5 for lack of sufficient knowledge and information.

6. Defendants admit that Marc Miville was not charged in connection with the assault on the plaintiff.  The remaining statements in Paragraph 6 are legal conclusions, and no answer is required.

7. Defendants deny the allegations in Paragraph 7.

WHEREFORE, defendants request that judgment be entered in their favor and that they be awarded costs and attorney fees.

## AFFIRMATIVE DEFENSES

1. The Complaint and Amended Complaint fail to state a claim upon which relief can be granted.

2. Plaintiff's claim for emotional and mental distress damages is barred by the absence of any physical injury.

3. The actions of the defendants are subject to qualified immunity.

4. The claims of the plaintiff are barred by his failure to exhaust administrative remedies.

5. The defendants did not violate any federal constitutional rights of the plaintiff.

6. Plaintiff was not injured or damaged by defendants' actions.


July 5, 2017                                  \_\_/s/  James E. Fortin\_\_\_\_
                                              James E. Fortin
                                              Assistant Attorney General
                                              James.Fortin@maine.gov


Office of the Attorney General
Six State House Station
Augusta, ME 04333
626-8800

Certificate of Service

The undersigned hereby certifies that he electronically filed the above document with the Clerk of Court using the CM/ECF system, which will serve a copy on all counsel of record, and that he mailed a copy, postage paid, to the following:

Steven R. Schoff, Jr.
Maine Correctional Center
17 Mallison Falls Road
Windham, ME 04062

July 5, 2017 /s/ James E. Fortin
James E. Fortin
Assistant Attorney General